```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


In Re                          )
JOHN E. ALLEN, ET AL           )    Ch. 11  No. 11-31287-HJB
        Debtors                )
-----------------------------

JOHN E. ALLEN, ET AL.,         )
        Appellants             )
                               )
            v.                 )    C.A. No. 12-cv-30012-MAP
                               )
RICHARD KING, ET AL.,          )
        Appellees              )
-----------------------------
```

                    <u>MEMORANDUM AND ORDER REGARDING</u>
                 <u>APPEAL FROM BANKRUPTCY COURT RULING</u>
                              (Dkt. No. 8)

                            March 22, 2012

PONSOR, U.S.D.J.

   The issue presented by this bankruptcy appeal is straightforward: Did the bankruptcy judge err when he appointed the trustee in this Chapter 11 bankruptcy proceeding <u>sua sponte</u>?[1]  The answer to this question may be found in the bankruptcy statute at 11 U.S.C. § 105(a), which provides that:

   The court may issue any order, process, or

---

[1] In an earlier stage of the proceeding, the decision to appoint the trustee <u>sua sponte</u> was remanded by another judge of this District, based upon the inadequacy of notice.  It is undisputed that, on remand, the parties were given adequate notice and opportunity to be heard on the question of the <u>sua sponte</u> appointment.

>judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, <u>sua sponte</u>, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

At least two Courts of Appeal have issued decisions confirming a bankruptcy judge's power, <u>sua sponte</u>, to appoint a trustee in a Chapter 11 proceeding.  <u>See</u> <u>In re US Mineral Products</u>, 105 Fed. Appx. 428 (3d Cir. 2004); <u>In re Bibo, Inc.</u>, 76 F.3d 256 (9th Cir. 1996).  <u>See also</u> <u>In re McKenna</u>, No. CA 10-472, 2011 WL 2214763 at *3 (D.R.I. May 31, 2011)(Lisi, J.).

A bankruptcy judge inevitably has a much better feel for the cases before him and is in a much better position than a reviewing court to determine the appropriateness of exercising <u>sua sponte</u> authority under Section 105.  The bankruptcy judge here set forth his reasons in detail supporting his decision to appoint the trustee.  This court can perceive no reason to reverse this exercise of discretion.

Appellant argues that the exercise of discretion contemplated by Section 105, particularly in a Chapter 11 case, requires a finding of some extreme and egregious impropriety that is lacking in this case.  Appellant offers no decisional authority supporting any such requirement.  To

repeat, a bankruptcy judge is better situated than a reviewing court to determine when an appointment of a trustee is necessary to ensure a smooth and fair Chapter 11 proceeding.

Appellant argues, in addition, that the sua sponte appointment of a trustee in a Chapter 11 case would inject the bankruptcy judge into the administrative functioning of the bankruptcy process, which would be contrary to the general intent of the bankruptcy code.  The bankruptcy judge, Appellant argues, should remain in the judicial role.  The decision to appoint a trustee, however, ensures that the trustee, not the bankruptcy judge, will handle the practical details of the bankruptcy proceeding and leave the judge free to concentrate on his judicial responsibilities.  Thus, even accepting Appellant's argument, the bankruptcy judge's decision to appoint a trustee here was well supported.

In conclusion, the decision of the bankruptcy judge to appoint a Chapter 11 trustee in this case sua sponte is hereby AFFIRMED.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge